IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON REED<br><br>          Plaintiff,<br><br>v.<br><br>EMPIRE AUTO PARTS, INC., *et al*.<br><br>          Defendants. | CIVIL ACTION NO.: 1:13-cv-05220-RMB-AMD |

**DECLARATION OF MATTHEW D. MILLER, ESQUIRE
IN SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFIY AS
COLLECTIVE ACTION AND CERTIFY AS A CLASS ACTION**

    I, Matthew D. MIller, state as follows:

    1.    I am an attorney at law licensed to practice in Pennsylvania and before this Court, and I am an associate in the law firm of Swartz Swidler, LLC, attorneys for Named Plaintiff Jason Reed in the above matter. I make this declaration in support of Plaintiff's motion to conditionally certify this matter as a collective action, certify this matter as a class action, and facilitate class notice. I am fully familiar with the facts stated herein.

    2.    A true and correct copy of Named Plaintiff Reed's Complaint and Defendants' Answer is attached hereto as **Exhibit A.**

    3.    A true and correct copy of the Named Plaintiff's **Pay Records Summary** is attached hereto as **Exhibit B.**

    4.    A true and correct copy of the sworn declaration of Jason Reed is attached hereto as **Exhibit C.**

    5.    A true and correct copy of Defendants' Policy Regarding Delivery Driver Duties and Responsibilities is attached hereto as **Exhibit D.**

    6.    A true and correct copy Defendants' Employee Handbook is attached hereto as

1

**Exhibit E.**

7. A true and correct copy of Named Plaintiff's Time Records are attached hereto as **Exhibit F.**

8. A true and correct copy of the Interview Checklist is attached hereto as **Exhibit G.**

9. A true and correct copy of Email Regarding Drivers' Work Hours, dated January 3, 2012, is attached hereto as **Exhibit H.**

10. A true and correct copy of the of Defendants' Responses to Named Plaintiff's Interrogatories is attached hereto as **Exhibit I**.

11. A true and correct copy of Defendants' GPS Acknowledgement Forms is attached hereto as **Exhibit J.**

12. A true and correct copy of GPS Records for Named Plaintiff is attached hereto as **Exhibit K.**

13. A true and correct copy of deposition testimony of Named Plaintiff's **Discipline Records** is attached hereto as **Exhibit L.**

14. A true and correct copy of the Email Regarding Text Message From Named Plaintiff, dated November 29, 2012, is attached hereto as **Exhibit M**.

15. True and correct copies of Defendants' Sworn Declarations of Current Delivery Drivers are attached hereto as **Exhibit N.**

16. A true and correct copy of Defendants' Sworn Declaration of Jeffrey Bealer is attached hereto as **Exhibit O.**

17. A true and correct copy of *Tyger, et al. v. Precision Drilling Corp., et al.*, M.D. PA., no. 11-1913 (Memorandum dated January 7, 2013) is attached hereto as **Exhibit P.**

18. I am a 2011 graduate of Duke University School of Law. I was admitted to the state bars of New Jersey and Pennsylvania in 2011 and 2012, respectively.

19. I am a member of good standing of the Pennsylvania and New Jersey state bars. I have been admitted to practice before the Eastern District of Pennsylvania, Middle District of Pennsylvania, and the District of New Jersey. I have been admitted to practice *pro hac vice* in the District of Nebraska.

20. Since 2012, I have been actively engaged in the representation of plaintiffs in employment actions. My practice has emphasized the representation of plaintiffs in class and collective actions involving wage claims.

21. Pursuant to FRCP 23(g)(a)(i), in appointing class counsel, this Court must consider the "work counsel has done in identifying or investigating potential claims in the action." My firm has been actively litigating this action. In investigating these claims, we have reviewed the policies and practices of Defendants and reviewed its computer punching records and pay records of Named Plaintiff. We have further defended the deposition of Named Plaintiff. We have further served and answered written discovery.

22. Pursuant to FRCP 23(g)(a)(ii), in appointing class counsel, this Court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Swartz Swidler, LLC, Justin Swidler, Richard Swartz, and I have substantial experience in litigating large employment class and collective action wage and hour disputes. Since 2010, in addition to this matter, my Firm has litigated more than 50 federal putative class and/or collective action lawsuits, including the actions listed below:

1. *John St. Angelo, et al. v. The Lane Valentine Group, Inc., et al.* (N.D. Tex. 3:12-cv-05145-P) (putative FLSA collective action).

2. *Rebecca Stoneback, et al. v. Artsquest, et al.* (E.D. Pa. 12-3287) (consumer fraud action; class certification denied based on Court's finding that reliance on alleged

3

fraudulent statements were individualized; however, prior to making this finding under Rule 23(b)(3), the Court found that Swartz Swidler, LLC was adequate class counsel).

3. *Sandy Babcock, et al. v. Butler County, et al.* (W.D. Pa. 12-394) (putative class and collective wage and hour action where my firm represents approximately 80 correction officers).

4. *Jason Bowe, et al. v. Enviro Pro Basement Systems, et al.* (D. NJ. 1:12-cv-02099-NLH-KMW) (putative class and collective action asserting wage and hour violations under federal and state law).

5. *Mary Brent v. Resources for Human Development, Inc., et al.* (E.D. Pa. 2:12-cv-06331-PD) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

6. *Jaclyn Brown v. Maidpro Collegeville, et al.* (E.D. Pa. 2:13-cv-2813) (putative class and collective action asserting wage and hour violations under federal and state law).

7. *Kofi Campbell, et al. v. C.R. England, Inc., et al.* (D. Utah 2:13-cv-00262-CW) (putative class and collective action asserting that the defendants failed to pay their over-the-road truck drivers minimum wage as required by federal and state law).

8. *Frank Craig v. GHM Associates of America, et al.* (D. NJ. 3:13-cv-02303-JAP-TJB) (putative class and collective action asserting wage and hour violations under federal and state law).

9. *Katherine Dohanicz v. Underwood Memorial Hospital,* (D. NJ. 1:13-cv-01464 RBK-JS) (putative class and collective action asserting wage and hour violations under federal and state law).

10. *Barry Dooley v. CPR Restoration Inc.* (E.D. Pa. 2:13-cv-01448) (putative class and collective action asserting wage and hour violations under federal and state law).

11. *Olivia Drake v. Hyundai Rotem USA, Corp.* (E.D. Pa. 2:13-cv-00868) (putative class and collective action asserting wage and hour violations under federal and state law).

12. *Bella Funk, et al. v. Annpurna Two, Inc.* (1:13-cv-00711-YK) (putative class and collective action asserting wage and hour violations under federal and state law).

13. *Paul Kane, et al. v. Gamesa Wind US, LLC, et al.* (E.D. Pa. 2:12-vc-006258) (putative class and collective action asserting wage and hour violations under federal and state law) (My Firm is co-litigating this case as local counsel).

14. *Michael Gemmill v. Worthington Steelpac, et al.* (M.D. Pa. 1:13-cv-817) (putative class and collective action asserting wage and hour violations under federal and state law).

15. *Charles Murray, et al. v. Gerdau Ameristeel, Corp., et al.* (D. NJ. 2011) (3:11-cv-00647-PGS-LHG) (Certified class pursuant to FRCP 23(b)(3) for state wage law violations and certified as collective action pursuant to FLSA; nationwide wage and hour case).

16. *James Satarlee, et al. v. Gerdau Macsteel, et al.* (E.D. Mich. 2:13-cv-12376) (putative class and collective action asserting wage and hour violations under federal and state law where my firm represents more than 200 individuals).

17. *Luis Gonzalez, et al. v. VM Trucking, et al.* (Law Div. NJ: L-2804-13) (putative class action under New Jersey state law for wage and hour violations).

18. *Tom Greineder v. ESAB Group, Inc., et al.* (E.D. Pa 12-5380) (putative class and collective action asserting wage and hour violations under federal and state law).

19. *Doris Johnson v. Daimler Trucks of North* (D. NJ. 1:12:cv-04964-JBS-JS) (putative class and collective action asserting wage and hour violations under federal and state law).

20. *Leonard Madison v. New Century Transportation, Inc.* (D. NJ. 1:12-cv-03792-JEI-AMD) (putative class action asserting wage and hour violations under state law related to the payment of wages to over-the-road truck drivers).

21. *Nicole McGee v. Ann's Choice, Inc., et al.* (ED Pa. 2:12-cv-02664-BMS) (conditionally certified collective action pursuant to the FLSA for wage and hour violations; putative class action under state law).

22. *Robert McMaster v. J&J Snack Foods Sales Corp.*, (D. NJ. 1:13-cv-01677-JEI-KMW) (putative class and collective action asserting wage and hour violations under federal and state law).

23. *Brett Mundell v. DBA/DMC Mining Services, Corp, et al.* (MD Pa. 4:12-cv-02614-JEJ-TMB) (putative class and collective action asserting wage and hour violations under federal and state law).

24. *Doris Asirifi v. West Hudson Sub-Acute Care Center, LLC* (D. NJ. 2:11-cv-04039-DMC-MF) (putative class and collective action asserting wage and hour violations under federal and state law).

25. *Kevin Parrish v. Verizon Pennsylvania, Inc., et al.* (ED. Pa. 2:12-cv-05575-MMB) (putative class and collective action asserting wage and hour violations under federal and state law).

26. *Rodney Tyger, et al. v. Precision Drilling Corp., et al.*, (M.D. Pa. 2011) (4:11-cv-01913-MWB) (conditionally certified collective FLSA matter; my firm represents more than 930 plaintiffs in this matter).

27. *Rodney Tyger, et al. v. Precision Drilling Corp., et al.*, (Court Comm. Pleas, Lycoming County, PA, Docket No. 11-02053) (putative class action under state law asserting wage and hour violations).

28. *Karl Reindrop v. Corporation Service Co., et al.* (D. Del. 1:12-cv-1263-GMS) (putative class and collective action asserting wage and hour violations under federal and state law).

29. *Edward Scalley, et al. v. The Happy Huckster, Corp., et al.* (E.D. Pa. 2:11-cv-04651-JCJ) (putative class and collective action asserting wage and hour violations under federal and state law).

30. *Javier Alavez-Lopez, et al. v. South Jersey Sanitation Co., Inc., et al.* (D. NJ. 1:10-cv-5647-NLH-KMW) (putative class and collective action asserting wage and hour violations under federal and state law).

31. *Diane Smith, et al. v. Wells Fargo, N.A., et al*. (E.D. Pa. 2:12-cv-6877) (putative class and collective action asserting wage and hour violations under federal and state law).

32. *Richard Snyder v. Dietz & Watson, et al.* (D. NJ. 1:11-cv-00003-NLH-AMD) (filed as putative class action pursuant to violations of state wage and hour law and violations of RICO; class certification was denied on basis of numerosity).

33. *Brian Soles v. Zartman Construction, Inc., et al.* (M.D. Pa. 4:13-cv-29) (putative class and collective action asserting wage and hour violations under federal and state law).

34. *Kelly Vargas v. St. Lukes Hospital and Health Network, et al.* (E.D. Pa. 5:12-cv-05378-JKG) (putative class and collective action asserting wage and hour violations under federal and state law).

35. *Thomas Gundmundson, et al. v. Stevens Transport, Inc., et al.* (N.D. Tex. 3:13-cv-02010-M) (putative collective action asserting that the defendants failed to pay their over-the-road truck drivers minimum wage as required by FLSA).

36. *Frank Stiteler, et al. v. Tom Kurz Concrete Construction Co., et al.* (D. NJ. 12-5165-JHR-JS) (putative class and collective action asserting wage and hour violations under federal and state law).

37. *Anthony Barbour, et al. v. Sun Energy Services, LLC, et al.* (S.D. WV 2:12-cv-08460) (putative class and collective action asserting wage and hour violations under federal and state law).

38. *Aubrey Keller, et al. v. TD Bank, N.A.* (E.D. Pa. 2:12-cv-05054-MSG) (putative class and collective action asserting wage and hour violations under federal and state law).

39. *Frank Valentine v. Benton Foundry, Inc., et al.* (M.D. Pa. 4:12-cv-02487-MWB) (putative class and collective action asserting wage and hour violations under federal and state law).

40. *Bernard Punter, et al. v. Jasmin International Corp., et al.* (D. NJ. 2:12-cv-07828) (putative class and collective action asserting wage and hour violations under federal and state law relating to the defendants' failure to pay over-the-road truck drivers minimum wage and overtime).

41. *Latrisha Warner v. In Home Care, Inc., et al.* (Court Comm. Pleas, Philadelphia County, PA, Docket No. 11-000164) (putative class action under state law asserting wage and hour violations).

42. *Kenneth Doherty v. County of Warren, et al.* (D. NJ. 3:12-cv-04428-PGS-LHG) (putative class and collective action asserting wage and hour violations under federal and state law).

43. *Steven Ramirez, et al. v. Veze Wireless of Jersey City, Inc., et al.* (D. NJ. 1:11-cv-04541-JHR-AMD) (putative and collective action asserting wage and hour violations under FLSA).

44. *Philip Petrone, et al. v. Werner Enterprises, et al.* (D. Neb. 11-cv-401) (conditionally certified FLSA matter with more than 10,000 opt-in plaintiffs).

45. *Philip Petrone, et al. v. Werner Enterprises, et al.* (D. Neb. 12-cv-307) (Rule 23(b)(3) certified class action asserting wage and hour violations with more than 52,000 class members; Justin Swidler and Richard Swartz are certified Class Counsel).

46. *Ralph White v. New Horizon Treatment Service, et al.* (D. NJ. 3:12-cv-07814-PGS-DEA) (putative class and collective action asserting wage and hour violations under federal and state law).

47. *Shawn Wolfe v. Cornell Iron Works, Inc., et al.* (M.D. Pa. 3:12-cv-00828-ARC) (putative class and collective action asserting wage and hour violations under federal and state law).

48. *John Cunningham v. Cape Regional Physicians, et al.* (D. NJ. 1:12-cv-03955) (putative class and collective action asserting wage and hour violations under federal and state law).

49. *Tonya Lengyel, et al. v. Fres-co System USA, Inc., et al.* (E.D. Pa 5:12-cv-3371) (putative class and collective action asserting wage and hour violations under federal and state law).

50. *Shane Usilton, et al. v. Trueblue, Inc., et al.* (D. NJ. 1:11-cv-03564-JEI-JS) (putative class and collective action asserting wage and hour violations under federal and state law).

51. *Roland Chavez v. Robert Wood Johnson University Hospital Hamilton, et al.* (D. NJ. 11-cv-7097) (putative class and collective action asserting wage and hour violations under federal and state law).

52. *Carole Penn-Skolnik v. Eastern Regional Medical Center, et al.* (E.D. Pa. 12-cv-1503) (putative class and collective action asserting wage and hour violations under federal and state law).

53. *Jamie Gutierrez v. Exide Technologies, et al.*, (E.D. Pa. 2:11-cv-3863) (putative class and collective action asserting wage and hour violations under federal and state law).

54. *Naduvathusery Joseph v. Caesar Entertainment Corp., et al.,* (D. NJ. 10-cv-6293) (putative class and collective action asserting wage and hour violations under federal and state law).

55. *John Morales v. Pepsico Inc.* (D. NJ. 3:11-cv-06275) (putative class and collective action asserting wage and hour violations under federal and state law).

56. *Eric Dolcin v. Roadtex Transportation Corp., et al.* (D. NJ. 3:13-cv-04114) (putative class and collective action asserting wage and hour violations under federal and state law filed on behalf of over-the-road truck drivers).

23. Pursuant to FRCP 23(g)(a)(iii), in appointing class counsel, this Court must consider "counsel's knowledge of the applicable law." Swartz Swidler, LLC, Justin Swidler, Richard Swartz, and I have extensive experience and knowledge of the applicable law. This is evidenced by the extensive experience (as noted above) of myself, Justin Swidler, Richard Swartz, and Swartz Swidler, LLC in handling state and federal wage and hour actions, the quality of the briefs and other papers submitted to this Court by my firm, and the quality of argument made by Swartz Swidler, LLC, Justin Swidler, Richard Swartz, and me in this matter.

24. Pursuant to FRCP 23(g)(a)(iv), in appointing class counsel, this Court must consider "the resources that counsel will commit to representing the class." My firm is fully ready and able to dedicate its full resources to the litigation of this case. My Firm has already

committed over a hundred hours in attorney time litigating this matter.  We are willing and able to continue to commit all the resources and time necessary to represent the class as effectively as possible.

25. Based upon the foregoing, I respectfully request that this Court appoint Swartz Swidler, LLC, Justin Swidler, Richard Swartz and me as Class Counsel in this action.

I declare, under penalties of perjury, that the foregoing is true to the best of my information and belief.

Respectfully submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Swartz Swidler, LLC
1878 Marlton Pike East
Cherry Hill NJ 00803
(856) 685-7420
*Attorneys for Plaintiffs*

Dated: June 30, 2014

9