# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON REED, individually and on behalf of all those similarly situated,<br>430 Lincoln Avenue<br>Riverside, NJ 08075 | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA |
| Plaintiff, | INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER NEW JERSEY WAGE AND HOUR LAW AND NEW JERSEY WAGE PAYMENT LAW |
| v. | |
| EMPIRE AUTO PARTS, INC.<br>1100 Taylors Lane Unit #10<br>Cinnaminson, NJ 08077 | No. |
| and | **JURY TRIAL DEMANDED** |
| JOHN DOES 1-10 | |
| Defendants. | |

### INDIVIDUAL, COLLECTIVE ACTION, AND CLASS ACTION COMPLAINT

Named Plaintiff Jason Reed ("Named Plaintiff"), individually and on behalf of all those similarly situated, hereby complains as follows against Defendants Empire Auto Parts ("Defendant Empire") and John Does 1-10 (collectively "Defendants").

### INTRODUCTION

1.     Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Law (hereinafter collectively referred to as "New Jersey Wage Laws"). Named Plaintiff asserts that Defendants unlawfully deducted meal breaks and failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of said laws.

## JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Named Plaintiff is an adult individual with an address as set forth above.

8.      Defendant Empire is an entity operating a business at the address as set forth above.

9.      Defendants John Doe 1 through John Doe 5 are presently unknown persons who directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failure to pay Named Plaintiff and those similarly situated proper compensation pursuant to the FLSA and/or New Jersey Wage Laws.

10. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and those similarly situated.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as delivery drivers or in positions with similar duties subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

13. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

16.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

17.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18.     Named Plaintiff brings his claims asserting violations of the New Jersey Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and on behalf of all persons presently and formerly employed by Defendants as delivery drivers and/or in similar positions with similar duties, and who were subject to Defendants' unlawful pay practices and policies at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Class Plaintiffs").

19.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is upon information and belief at least 40.

20.     Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was subject to the same unlawful wage policies and practices of Defendants.

21.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

22. Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

23. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

25. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendants automatically deducted 30 minutes from each shift worked by Class Plaintiffs despite not permitting Class Plaintiffs to take bona fide meal breaks; whether Defendants had any good faith basis to conclude that their automatic deductions for meal breaks despite not allowing Class Plaintiffs to take bona fide meal breaks was legal.

## FACTUAL BACKGROUND

26.     The foregoing paragraphs are incorporated herein as if set forth in full.

27.     Collective Plaintiffs and Class Plaintiffs are collectively referred to herein as "Plaintiffs".

28.     Named Plaintiff and Plaintiffs worked/work for Defendants as delivery drivers.

29.     Named Plaintiff's and Plaintiffs' duties predominantly included delivering automotive collision parts to Defendants' customers.

30.     Named Plaintiff worked for Defendant from on or about April 27, 2010 through on or about February 22, 2013.

31.     Named Plaintiff performed his delivery duties while driving a

32.     Named Plaintiff regularly worked between 45 and 50 hours per workweek.

33.     Named Plaintiff earned an hourly rate of $13.75.

34.     Named Plaintiff earned an overtime hourly rate of $20.625.

35.     Plaintiffs regularly worked/work in excess of 40 hours per workweek.

36.     At no time did Name Plaintiff hire or fire any employees of Defendants.

37.     At no time did Plaintiffs hire or fire any employees of Defendants.

38.     At no time did Name Plaintiff supervise any employees of Defendants.

39.     At no time did Plaintiffs supervise any employees of Defendants.

40.     At no time did Name Plaintiff exercise discretion or independent judgment over matters of significance on behalf of Defendants.

41.     At no time did Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

42.     Accordingly, Named Plaintiff was, within the meaning of the FLSA, a non-exempt hourly employee of Defendants.

43.     Accordingly, Plaintiffs were/are, within the meaning of the FLSA, non-exempt hourly employees of Defendants.

44.     Per Defendants' written policies, Named Plaintiff and Plaintiffs were/are permitted to take a 30-minute unpaid meal break each shift.

45.     Defendants automatically deducted 30 minutes of paid time from Named Plaintiff's paycheck for each shift that Named Plaintiff worked.

46.     Defendants automatically deducted/deduct 30 minutes of paid time from Plaintiffs' paychecks for each shift that Plaintiffs worked/work.

47.     Defendants did not allow Named Plaintiff to take bona fide 30-minute meal breaks.

48.     Defendants disciplined Name Plaintiff on several occasions for attempting to take a bona fide 30-minute meal break.

49.     Defendants did/do not allow Plaintiffs to take bona fide 30-minute meal breaks.

50.     Accordingly, Defendants did not accurately track Named Plaintiff's time for unpaid meal breaks.

51.     Accordingly, Defendants did/do not accurately track Plaintiffs' time for unpaid meal breaks.

52.     As Named Plaintiff routinely worked between 45 and 50 hours per week, this unpaid time resulted in Named Plaintiff being denied 2.5 hours (30 minutes x 5 work days) of proper overtime compensation, totaling $51.56 ($20.625 x 2.5 hours), per week.

7

53. As Plaintiffs routinely worked/work overtime, this unpaid time has resulted in Plaintiffs being denied proper overtime compensation.

### COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

56. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

57. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

58. Under the FLSA, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

59. Defendants' violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per workweek.

60. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

61. As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
## Violations of the New Jersey Wage Laws
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

62.     The foregoing paragraphs are incorporated herein as if set forth in full.

63.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the New Jersey Wage Laws.

64.     At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the New Jersey Wage Laws.

65.     Under the New Jersey Wage Laws, an employer must pay an employee at least one and one half times his or his regular rate for each hour worked in excess of forty hours per workweek.

66.     Defendants' violations of the New Jersey Wage Laws include, but are not limited to not paying Named Plaintiff and Class Plaintiffs properly for time worked in excess of forty hours per workweek.

67.     Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly is willful and not based upon any reasonable interpretation of the law.

68.     As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT III
## New Jersey Wage Laws
**(Failure to pay Wages Earned)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

69.     The foregoing paragraphs are incorporated herein as if set forth in full.

70.     Under the New Jersey Wage Laws, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

71.     Defendants' violations of the New Jersey Wage Laws include, but are not limited to unlawfully deducting meal breaks.

72.     Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

73.     As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of the FLSA;

(2)     Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3)     Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(4)     Named Plaintiff, Collective Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(5)     Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded all

other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Matthew D. Miller*

Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: August 26, 2013

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Plaintiffs' employment, to Named Plaintiff's and Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095-0988
732-549-5600
Attorneys for Defendant,
Empire Auto Parts, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON REED,<br><br>        Plaintiff,<br><br>v.<br><br>EMPIRE AUTO PARTS, INC.,<br><br>        Defendant. | Case No. 1:13-CV-05220-RMB-AMD<br><br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

Defendant Empire Auto Parts, Inc. ("Empire" or "defendant"), responds to plaintiff's Complaint as follows.

**INTRODUCTION**

1. It denies the allegations of this paragraph, except it admits that plaintiff initiated this action.

**JURISDICTION AND VENUE**

2. Defendant repeats its above response.

3. Defendant denies the allegations of this paragraph as they set forth legal conclusions.

4. Defendant denies the allegations of this paragraph as they set forth legal conclusion.

5.   Defendant denies the allegations of this paragraph as they set forth legal conclusions.

### PARTIES

6.   Defendant repeats its above responses.

7.   Defendant admits the allegations of this paragraph, upon information and belief.

8.   Defendant denies the allegations of this paragraph, except it admits that it maintains a satellite location at the referenced address.

9.   Defendant denies the allegations of this paragraph.

10.   Defendant denies the allegations of this paragraph to the extent it sets forth any factual contentions.

11.   Defendant denies the allegations of this paragraph as they set forth legal conclusions.

12.   Defendant denies the allegations of this paragraph except it admits that plaintiff advances various claims.

13.   Defendant denies the allegations of this paragraph except it admits that plaintiff purports to seek relief on behalf of himself and a putative collective class.

14.   Defendant denies the allegations of this paragraph.

15.   Defendant denies the allegations of this paragraph.

16.   Defendant denies the allegations of this paragraph.

### CLASS ACTION ALLEGATIONS

17.   Defendant repeats its above responses.

2

18.   Defendant denies the allegations of this paragraph except it admits that plaintiff advances the referenced claim.

19.   Defendant denies the allegations of this paragraph.

20.   Defendant denies the allegations of this paragraph.

21.   Defendant denies the allegations of this paragraph except it neither admits nor denies allegations concerning plaintiff's counsel.

22.   Defendant denies the allegations of this paragraph.

23.   Defendant denies the allegations of this paragraph.

24.   Defendant denies the allegations of this paragraph.

25.   Defendant denies the allegations of this paragraph.

### FACTUAL BACKGROUND

26.   Defendant repeats its above responses.

27.   This paragraph requires no response.

28.   Defendant admits the allegations of this paragraph as to plaintiff only.

29.   Defendant denies the allegations of this paragraph except it admits that plaintiff transported automotive parts.

30.   Defendant denies the allegations of this paragraph except it admits that plaintiff was employed by defendant in that approximate time frame.

31.   Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph except it admits that there were weeks when plaintiff worked between 45 and 50 hours.

33. Defendant admits the allegations of this paragraph.

34. Defendant admits the allegations of this paragraph.

35. Defendant denies the allegations of this paragraph except it admits that at times plaintiff worked in excess of 40 hours per work week.

36. Defendant admits the allegations of this paragraph.

37. Defendant denies the allegations of this paragraph.

38. Defendant admits the allegations of this paragraph.

39. Defendant denies the allegations of this paragraph.

40. Defendant admits the allegations of this paragraph.

41. Defendant denies the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph as they set forth legal conclusions.

43. Defendant denies the allegations of this paragraph as they set forth legal conclusions.

44. Defendant denies the characterization of the referenced documents but admits that any such documents speak for themselves.

45. Defendant denies the allegations of this paragraph.

46. Defendant denies the allegations of this paragraph.

47. Defendant denies the allegations of this paragraph.

4

48.  Defendant denies the allegations of this paragraph.

49.  Defendant denies the allegations of this paragraph.

50.  Defendant denies the allegations of this paragraph.

51.  Defendant denies the allegations of this paragraph.

52.  Defendant denies the allegations of this paragraph.

53.  Defendant denies the allegations of this paragraph.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

54.  Defendant repeats its above responses.

55.  Defendant denies the allegations of this paragraph as they set forth legal conclusions.

56.  Defendant denies the allegations of this paragraph except it admits that it was responsible for paying wages to plaintiff.

57.  Defendant denies the allegations of this paragraph as they set forth legal conclusions.

58.  Defendant denies the allegations of this paragraph as they set forth legal conclusions.

59.  Defendant denies the allegations of this paragraph.

60.  Defendant denies the allegations of this paragraph.

61.  Defendant denies the allegations of this paragraph.

2211451.1

## COUNT II
### Violations of the New Jersey Wage Laws
### (Failure to pay Overtime Compensation)
### (Named Plaintiff and Class Plaintiffs v. Defendants)

62. Defendant repeats its above responses.

63. Defendant denies the allegations of this paragraph as they set forth legal conclusions.

64. Defendant denies the allegations of this paragraph as they set forth legal conclusions.

65. Defendant denies the allegations of this paragraph as they set forth legal conclusions.

66. Defendant denies the allegations of this paragraph.

67. Defendant denies the allegations of this paragraph.

68. Defendant denies the allegations of this paragraph.

## COUNT III
### New Jersey Wage Laws
### (Failure to pay Wages Earned)
### (Named Plaintiff and Class Plaintiffs v. Defendants)

69. Defendant repeats its above responses.

70. Defendant denies the allegations of this paragraph as they set forth legal conclusions.

71. Defendant denies the allegations of this paragraph.

72. Defendant denies the allegations of this paragraph.

73. Defendant denies the allegations of this paragraph.

2211451.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff(s) fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff(s) are exempt from overtime pay requirements.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff(s) were compensated for all hours worked in excess of 40 hours in any particular work week at a rate not less than that set forth by the overtime provisions of applicable law.

### FOURTH AFFIRMATIVE DEFENSE

Defendant complied with all record keeping requirements.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff(s)' claims are barred by operation of the doctrines of estoppel, laches and ratification.

### SIXTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and attempted to comply with applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

Liquidated damages are not available to plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff(s)' claims are barred by the applicable statute of limitations.

7

### NINTH AFFIRMATIVE DEFENSE

Any violation was not willfull.

### TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset against any amounts due equal to the amount defendant overpaid plaintiff(s).

### ELEVENTH AFFIRMATIVE DEFENSE

The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining defendant's liability and/or damages, if any, to members of the purported collective action on a group or aggregate basis.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff and the putative plaintiff class are not similarly situated.

### THIRTEENTH AFFIRMATIVE DEFENSE

Putative plaintiff class members are not similarly situated.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s) are exempt from the overtime pay requirements of the Fair Labor Standards Act under the "Administrative" exemption.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s) are exempt from overtime pay requirements pursuant to the motor carrier and/or trucking exemptions.

8

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not an appropriate class representative.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s)' Complaint is barred by the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint revolve around the predominance of individual issues necessary to decide alleged damages and defenses to each potential class member and/or the plaintiff(s) are not similarly situated to purported putative class members. Collective resolution would not be superior to other methods of adjudication.

### NINETEENTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint are subject to the de minimis rule.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff(s) are not entitled to equitable relief insofar as they have an adequate remedy at law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff(s)' claims are barred by the doctrine of unjust enrichment.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The hours plaintiff(s) claim to have worked are not "hours worked" within the meaning of applicable law.

9

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant acted in good faith reliance on administrative guidance.

**WHEREFORE**, defendant respectfully requests that the Complaint be dismissed in its entirety, with an award of fees and costs to the defendant.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant


By   s/Richard L. Hertzberg
     RICHARD L. HERTZBERG

Dated: October 23, 2013

### CERTIFICATION OF NO OTHER ACTION
### UNDER L.CIV.R. 11.2

I certify that to the best of my knowledge and belief, the matter in controversy in this action is not the subject of any other action currently pending in any Court, or pending arbitration or administrative proceeding.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant


By   s/Richard L. Hertzberg
     RICHARD L. HERTZBERG

Dated: October 23, 2013

10

2211451.1

## CERTIFICATION OF SERVICE

On October 23, 2013, I caused to be filed and served through electronic filing a copy of the within Answer and Affirmative Defenses to plaintiff's Complaint.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant


By   s/Richard L. Hertzberg
     RICHARD L. HERTZBERG

Dated: October 23, 2013

11

2211451.1